40 N.J. Super. 355 (1956)
123 A.2d 83
NEW JERSEY HIGHWAY AUTHORITY, PLAINTIFF,
v.
HENRY A. RAEMSCH COAL CO., INC., ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided June 5, 1956.
*356 Messrs. Siegler & Siegler, attorneys per se for Messrs Siegler & Siegler, attorneys' lien-claimant.
Mr. Joseph E. Cohn, attorney for defendants Commercial Mortgage Co. and Plaza Realty Co.
Mr. Edmund J. Dwyer, attorney for defendant Henry Lombardi.
*357 Messrs. Talmage & Waldron, attorneys for defendant Stewart Warner Co.
Messrs Tepper, Tepper & Verney, attorneys for defendant Joseph E. Lucking, Inc.
Mr. Grover C. Richman, Attorney-General, attorney for State of New Jersey.
Mr. Thomas Markey, attorney for defendant Town of Bloomfield.
Mr. Walter C. Ellis, Corporation Counsel, attorney for defendant City of East Orange.
Mr. Walter Goldberg, attorney for Garden State Authority.
WEINTRAUB, J.S.C.
On May 28, 1956 this matter came on before me on motion for determination of claims to the fund on deposit and an order for distribution. The fund represents the amount of the judgment entered on a jury verdict on April 3, 1956, plus interest on the excess of the award over the initial deposit from the date thereof, less certain credits. The only issue is whether the Town of Bloomfield may maintain against the fund a claim for local taxes for the years 1954, 1955 and 1956. That claim is rested upon factual assertions which are disputed, and since the parties were not then prepared to adduce testimony through witnesses, Delancey & Stockton Corp. v. Reliable Improvement Company, 134 N.J. Eq. 71 (E. & A. 1943), the matter was continued until June 8, 1956, with the direction that the Town of Bloomfield submit a brief concerning the legal questions presented by its claim. I stated that if I should conclude that the town's claim is legally untenable, even assuming the accuracy of the factual assertions, I would, if possible, so notify counsel before June 8.
I have considered the brief filed by the town and am satisfied that, if the facts alleged were established, the town nevertheless would not be entitled to claim against the fund.
*358 On November 23, 1953 plaintiff filed its complaint and on November 24, 1953 its declaration of taking wherein it stated that the property was taken under chapter 16 of the Laws of 1952, N.J.S.A. 27:12B-1 et seq.; that upon the filing of the declaration it deposited with the Clerk of the Superior Court the sum estimated to be just compensation; and that it "does hereby, upon the filing of this Declaration take possession of" the premises. Plaintiff sought to acquire a fee simple absolute. The order appointing the commissioners directed them to fix the compensation to be paid "as of the date of the commencement of this action," and the pretrial order stated the issue to be the market value of the property on November 23, 1953, the date of the filing of the complaint. For present purposes it is of no moment whether the crucial date is the date of the filing of the complaint or the date of the declaration of taking and deposit of the estimated amount of the compensation, although I believe the latter date controls.
The town bases its claim upon two factual contentions: (1) that plaintiff has not in fact used the condemned property for the purposes for which it was authorized by law to acquire it, and (2) subsequent to the commencement of the proceedings, to wit, in May 1955, a deed was delivered by the owner of the fee to plaintiff and recorded. In response to the town's offer to prove the foregoing, plaintiff countered with an offer to prove that the property was properly acquired; that a reasonable time has not yet expired for a determination by the plaintiff to use or dispose of the property; and that the deed was taken pursuant to a tentative plan of settlement which failed of consummation because of the encumbrances against the property, and hence the condemnation proceedings went to a conclusion as if a voluntary arrangement had never been attempted.
N.J.S.A. 27:12B-7 provides that upon the filing of the complaint and a declaration of taking and the deposit of the estimated just compensation plaintiff shall be entitled to exclusive possession of the property. That section further provides that if the amount of the award shall exceed the *359 deposit, the person to whom the award is payable shall be entitled to recover the difference between the deposit and the award with interest at 6% from the date of the deposit. The same section further provides that plaintiff shall not abandon any condemnation proceeding subsequent to the date upon which it has taken possession.
It seems clear that the controlling date is the date of the deposit upon which the right to possession depends and from which the person entitled to the award receives an allowance of interest with respect to the excess of the award over the deposit. The statute does not explicitly fix the date of passage of title, but its provisions point unmistakably to the date of the deposit. This conclusion is consonant with Delancey & Stockton Corp. v. Reliable Improvement Company, supra.
The town urges the controlling date is the date of the deposit of the excess of the award over the original deposit, but manifestly this cannot be so. The statutory theme is that the operative date as between the parties to the condemnation be the day upon which the owner's right to possession is terminated by the initial deposit, notwithstanding that plaintiff's estimate of just compensation should prove to be low. It is unnecessary to resort to the doctrine of relation back discussed in Milmar Estate, Inc., v. Borough of Fort Lee, 36 N.J. Super. 241 (App. Div. 1955).
Since plaintiff was entitled to receive a fee simple absolute, free and clear of liens and encumbrances, it was entitled to have discharged or paid out of the award all liens and encumbrances as of the date of the taking and deposit.
Land taxes become liens on the first day of January of the year for which they are assessed. N.J.S.A. 54:5-6. Accordingly, none of the taxes here claimed constituted liens on November 24, 1953, or on November 23, 1953, the date specified in the pretrial order.
In asserting that the premises remain subject to local taxation notwithstanding the statutory exemption accorded to plaintiff by N.J.S.A. 27:12B-16, the town cites New *360 Jersey Turnpike Authority v. Township of Washington, 16 N.J. 38 (1954). See also Port of New York Authority v. City of Newark, 20 N.J. 386 (1956). But the persons entitled to share in the award are not concerned with the question whether plaintiff is entitled to exemption from taxes for any period beyond the crucial date mentioned above. It would be unreasonable to charge those interested in the award with the conduct or failure of plaintiff after that date. Milmar Estate, Inc. v. Borough of Fort Lee, supra. If the town conceives that plaintiff is not entitled to the exemption, the issue is one to be litigated between them in proceedings authorized for that purpose. This must be so unless by statute the town is expressly authorized to pursue the proceeds of the condemnation. No such statute is cited.
It is settled that the owner of real property is not personally liable for municipal taxes assessed against the property. Bea v. Turner & Co., 115 N.J. Eq. 189 (Ch. 1934); In re Taylor's Estate, 30 N.J. Super. 65 (Cty. Ct. 1954); see 51 Am. Jur., Taxation, sec. 945, p. 831. Ordinarily, where a statutory remedy is provided for the collection of taxes, that remedy is exclusive. Booth & Bro. v. City of Bayonne, 85 N.J. Eq. 281 (Ch. 1914); Borough of Wrightstown v. Salvation Army, 97 N.J.L. 89 (Sup. Ct. 1922). See 51 Am. Jur., Taxation, secs. 984-5, pp. 862-3.
The town urges that R.S. 54:4-56 affords the right and remedy here asserted. That statute provides for apportionment of local taxes in both voluntary transactions and condemnation proceedings, in the absence of a contract provision or other stipulation for a different adjustment between the parties to the transaction. As to voluntary transactions, the statute has not been thought to create a right in the municipality to the proceeds of sale, but rather to fix the respective responsibilities of the vendor and purchaser where the contract is silent. As to condemnation proceedings, it has been held that "The legislative design was to secure to the municipality a pro rata apportionment of the tax assessed for the current tax year, neither more nor less, and to impose the correlative burden on the landowner *361 whose title was taken," and that "The award when made represents the property." Borough of Edgewater v. Corn Products Refining Co., 136 N.J.L. 664, 667, 668 (E. & A. 1948). Whether that conclusion flows from the cited statute or from the overall objective of the Condemnation Act to vest title free of liens and encumbrances, is of no ultimate moment. The point is that the lien of the municipality on the award does not extend beyond the pro rata share of the taxes for the current year, determined, in the words of the statute, as of "the date the condemning body acquired its title," which, as stated above, was the date of the original deposit. Nothing in the statute suggests that the award is converted into real property for the purpose of subjecting the award to future taxation as real property.
Nor can the town find support in the doctrine of equitable conversion which it also advances. That concept was devised to assure justice between the parties to a real property transaction. It is a fiction of law, and, as such, cannot be extended beyond the special purposes which it was created to serve. It does not transmute a fund into real estate so as to subject the fund to taxation as real property. The land remains land and the fund remains personalty insofar as subsequent local taxation is concerned.
It follows that the factual assertion that plaintiff has failed to use the property for the authorized purpose is of no consequence in these proceedings. The same considerations dispose also of the town's effort to rely upon the deed of May 1955. If the transfer were voluntary the town could not reach the proceeds of the sale but rather must proceed against the land. At any rate, the moneys on deposit are not the purchase price in a voluntary sale, but rather a part of the award in condemnation proceedings. Its nature is established by the record in this very cause.
In its brief the town argues that its claim against plaintiff should here be considered, wholly apart from its right in the fund. The issue thus sought to be projected is not within the compass of the present matter. We are here concerned solely with the fund, and the disposition of this controversy *362 should not be delayed by a tail-end expansion into another area.
In the light of these conclusions, it will be unnecessary to produce witnesses on the adjourned date, June 8. The town may then make its offer of proof, which will be refused in harmony with the conclusions stated above.
On June 8 the parties should be prepared to establish or stipulate facts which were thought not to be in dispute but as to which proof was not readily available when the matter first came on before me, namely, that the mortgages have been satisfied of record, franchise taxes have been paid, and the precise amount due to the City of East Orange with respect to taxes for the year 1953. An order for distribution may be presented at that time.