CITY OF ORANGE, A MUNICIPAL CORPORATION IN THE COUNTY OF ESSEX AND STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. WALL DAY REALTY CO., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted April 5, 1977—Decided May 17, 1977.

(1)

Before Judges HALPERN, ALLCORN and BOTTER.

*Francis J. Dooley,* attorney for appellant.

*Franklin C. Phifer,* attorney for respondent Esther Rabinowitz Holzman.

No brief was filed on behalf of respondent Wall Day Realty Co. or on behalf of its attorney.

The opinion of the court was delivered by

ALLCORN, J. A. D. Given the proposition that unpaid real estate taxes are a first lien upon the land assessed, *N. J. S. A.* 54:5–6, 9, the prevailing view appears to be that the lien of those taxes as assessed against the entire parcel follows and attaches upon a condemnation award, even though only a portion of the parcel was taken in the condemnation proceeding.[1]

In discussing the question of the effect of a partial taking upon tax, mortgage and other liens, Nichols states [2 *Nichols on Eminent Domain* (3 ed. rev. 1976), § 5.74 at 5.197]:

> Where there is only a partial taking of the property subject to the lien, the lienor is not compelled to accept a proportionate payment on account of the amount due him upon his lien, but may insist upon complete satisfaction of his lien out of the award (to the extent that there are funds available therefor). If the monies available are inadequate for complete satisfaction, the unpaid amount of the lien remains upon the remainder area.

There is some authority to the contrary, holding that a lienor may enforce against the partial taking award only that proportion of the lien attributable to the part taken. Annotation, "Rights in respect of real estate taxes where property is taken in eminent domain," 45 *A.L.R.* 2d 55, 546, § 13 (1956). The Uniform Eminent Domain Code (§ 1014(1)) adopts a still different position, namely that the lienholder may share in the award "only to the extent de-

---

[1]Municipal tax liens are expressly preserved in municipal condemnation cases and may be collected "out of any monies paid by [the municipality] into court. * * *" *N. J. S. A.* 20:3–42.

termined by the court to be necessary to prevent an impairment of his security. * * *" See also, *Gray v. Case,* 51 *N. J. Eq.* 426, 431 (Ch. 1893).

In our judgment, the better view is that the lien of the unpaid taxes upon the entire parcel is a lien upon the award, despite the fact that only a portion of the parcel was taken by condemnation. This rule better serves the public interest in that it ensures the collection of the maximum amount of the unpaid taxes, and it is the more practicable in that it avoids the time, trouble and expense of an additional hearing and determination as to how the taxes shall be apportioned, whether on a proportionate basis or on an impairment of security basis.

It is true that there is statutory authority for the apportionment of a tax lien upon a parcel of land "among proper subdivisions of the parcel," *N. J. S. A.* 54: 7–1, which may be made by the municipality on its own motion or "on the written application of any person interested," *N. J. S. A.* 54:7–3. The record discloses no such apportionment or application therefor. The statute does not authorize such action by the court in the first instance. In any event, the procedure authorized may not be compelled where it would work an inequitable result. *Evans v. Villani,* 19 *N. J. Super.* 86 (App. Div. 1952). Thus, absent proof that the remainder of a parcel sought to be apportioned is of a value equal to or in excess of the amount of the tax lien apportioned to the remainder, apportionment of the tax lien should not be made under the statute. *Id.*

In the circumstances the action of the trial judge apportioning the tax lien (and the lien of the mortgage) between the award and the remainder of the parcel must be reversed and the city allowed to take the entire award, inasmuch as the amount of its lien exceeds the condemnation award.

Lastly, plaintiff also appeals from the action of the trial judge in awarding to counsel for the owner a coun-

sel fee, plus expenses and costs, in the sum of $4,283, and fixing that amount as a lien against the award. As heretofore held in the case of *State v. Mandis*, 119 *N. J. Super*. 59 (App. Div. 1972), certif. den. 61 *N. J.* 156 (1972), no provision is made in the statute for such allowances, *N. J. S. A.* 20:3-1 *et seq.*, and neither the condemnation deposit nor the award constitutes a fund in court from which such allowances may be made within the contemplation of *R.* 4:42-9.

Accordingly, those portions of the judgment of the Law Division which (1) fix "the lien of the plaintiff City of Orange on the [award] in the amount of $5,146.27" and (2) allows a counsel fee, plus expenses and costs, to the attorneys for the defendant owner, and fixes "the lien [thereof] to the [award]," are reversed, and the cause is remanded to the Law Division to amend the judgment so as to direct the payment of the full amount of the city's tax lien ($10,292.54) out of the condemnation award to the extent available. No costs.