179 N.J. Super. 613 (1981)
433 A.2d 448
STATE OF NEW JERSEY, BY THE COMMISSIONER OF TRANSPORTATION, PLAINTIFF,
v.
PAUL F. KASTNER ET AL., DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County.
Decided February 9, 1981.
*614 Abraham Frankel, Deputy Attorney General, argued the cause for plaintiff (John J. Degnan, Attorney General of New Jersey).
Robert S. Tobin argued the cause for defendants Kastner.
Peter J. Edwardsen submitted a brief for defendants Errico.
SHEBELL, A.J.S.C.
On April 19, 1979 plaintiff, State of New Jersey acquired by condemnation a portion of property owned by defendants Kastner.
On May 7, 1979 the State deposited $10,800 with the Superior Court as estimated compensation for the property acquired.
The Kastners have applied to withdraw that amount. However, their application is opposed by Frederick and Rosemary Errico, mortgagees of the property. This mortgage was for $22,000 in December 1974.
The Kastners have made the payments on the mortgage regularly, and as of November 1, 1980 there was $18,776.33 remaining due on the mortgage.
Defendants Errico seek to have the full amount of the condemnation award plus interest paid to them. The mortgagees state that the value of the remaining property has been reduced to $40,500 as a result of the partial taking. Mortgagors have submitted an appraisal certification indicating that the value of the remaining property is $46,000. Neither party disputes the fact that the value of the remaining property is at least twice the amount of the mortgage.
*615 In an attempt to support their position that a lienholder is entitled to have his lien completely satisfied on a partial taking, the mortgagees cite the case of Orange v. Wall Day Realty Co., 150 N.J. Super. 1 (App.Div. 1977). That case holds that a lien of unpaid real estate taxes assessed against an entire parcel is a lien upon a condemnation award despite the fact that only a portion of the parcel is taken by the condemnation. There is specific statutory authority in N.J.S.A. 20:3-42 for the recovery by a municipality of taxes or other municipal liens or charges out of a condemnation award. There is, however, no such statutory authority to support the mortgagees' contention. The mortgage makes no such provisions for payment of the proceeds of a condemnation award in the event of a partial taking.
In the early case of Gray v. Case, 51 N.J. Eq. 426 (Ch. 1893), the court held that in the event of a partial taking of property and the granting of a condemnation award, the lienholder cannot enforce his lien against the condemnation award unless the remaining property is of insufficient value to satisfy the lien. Such has not been shown in the present case. There is no good reason not to follow the holding of the Gray case.
The motion of defendants Kastner for payment to them of the condemnation award of $10,800 is hereby granted. The Erricos are denied the relief sought.