741 A.2d 131

NEW JERSEY DEPARTMENT OF TRANSPORTATION, PLAINTIFF, v. BARTON INVESTMENT ASSOCIATES, DEFENDANT–APPELLANT/CROSS–RESPONDENT, AND TOWNSHIP OF SOUTH BRUNSWICK, DEFENDANT–RESPONDENT/CROSS–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted October 26, 1999—Decided December 7, 1999.

Before Judges PRESSLER, LANDAU and KIMMELMAN.

*Thomas D. Williamson*, attorney for appellant.

*Busch & Busch*, attorneys for respondent/cross-appellant South Brunswick (*Donald J. Sears*, of counsel and on the brief).

The opinion of the court was delivered by

LANDAU, J.A.D.

Defendant Barton Investment Associates (Barton) appeals from a Law Division order that denied its motion to withdraw $4,700 deposited in 1988 by plaintiff New Jersey Department of Transportation (DOT) as compensation after filing a Declaration of Taking for an easement over part of Barton's then-owned property located in the Township of South Brunswick (Township). The appeal also encompasses denial of Barton's motion for reconsideration.

Barton's original motion was opposed by the DOT, which noted the Township's possible interest in those funds. The Township also opposed the motion. On September 11, 1998, an order was entered that denied Barton's application. Reconsideration was denied, and the Township's cross-motion for release of the $4,700 deposit plus accumulated interest to it was granted by the second order.

Based upon the joint record provided to us by the parties, the $4,700 deposit by DOT was made in 1988, solely for an easement described as "Parcel 98C" that encompassed construction and maintenance of a headwall, drains, stabilizing supports, and slope maintenance and control over real property in the Township owned by Barton. The property subject to the easement was later acquired by the Township by *in rem* tax foreclosure based upon Barton's failure to pay 1989 real property taxes.

We have not been favored by the court with a decision setting forth findings of fact and conclusions of law underlying the orders, other than by a general reference to the briefs filed by the

Township. Unfortunately, the judge did not indicate which of the Township's arguments were accepted.

This approach ignores the requirements of *R.* 1:7–4(a) and confounds our effective review of the questioned orders. In an effort to avoid a remand, we endeavored to consider the Township's arguments, which were directed partially at urging its paramount right to the deposit monies and accumulated interest, and partially at contesting the rights of Barton or persons claiming rights through Barton from appearing in the cause. These arguments included the following: (a) Barton's corporate charter had long since been revoked (although it was reinstated in 1999 after the orders under review were entered); (b) Barton's attorney was representing clients with apparently conflicting interests, i.e., a "creditor" of Barton who held a large consent judgment against it, although that "creditor" was apparently also a Barton principal; (c) a certification by Barton's counsel was based on undocumented hearsay; (d) as a result of the *in rem* tax foreclosure, the Township currently owned the property in fee simple, thus extinguishing all rights and claims by Barton or its creditors, by reason of *N.J.S.A.* 54:5–6 and *N.J.S.A.* 54:5–9, and under *Kessler v. Tarrats*, 194 *N.J.Super.* 136, 476 *A.*2d 326 (App.Div. 1984), giving to the Township a priority lien over prior or subsequent rights in the property.

These arguments are supplemented on appeal by reference to *N.J.S.A.* 20:3–42[1] and to a 1989 order entered by the Law Division in the condemnation action. The order directed Barton to convey title to "Lot 15.20 Block 84" to the Township and provided that Barton "shall no longer be a party in interest in the within condemnation proceeding." However, the record also con-

---

[1] *N.J.S.A.* 20:3–42 provides:

The provisions of this act shall not be construed to prevent any municipality from retaining from or recovering out of any moneys paid by it into court, under this act, any sum or sums due to such municipality, for taxes or other municipal liens or charges against any property taken in condemnation. *L.* 1971, *c.* 361, § 42.

tained a copy of a 1991 deed from Barton to the DOT which purports to convey property in the Township that includes part of Lot 15.20. Neither description is congruent with the description of the easement to DOT that was the subject of the 1988 deposit.

The Township urges that it has "a valid and enforceable priority lien against the property pursuant to *N.J.S.A.* 54:5-6" and that under *N.J.S.A.* 20:3-42, "[i]f the condemnation action filed by the State had been resolved while the Township's lien was in place, the Township would have been entitled to payment of any proceedings from the taking by the State, to the full extent of its lien for unpaid taxes."

At the core of the Township's argument is the contention that the current owner of property is the one who must be compensated for the value of the easement taken in 1988 and for any diminution in value to the remainder. The Township urges that Judge, later Chief Justice, Weintraub's opinion in *New Jersey Highway Auth. v. Henry A. Raemsch Coal Co.*, 40 *N.J.Super.* 355, 123 *A.2d* 83 (Law Div.1956) is inconsistent with applicable law, including our opinion in *City of Orange v. Wall Day Realty Co.*, 150 *N.J.Super.* 1, 374 *A.2d* 496 (App.Div.1977).

In various respects the joint appendix also appears to have been unofficially supplemented without benefit of motion, subsequent to the date of the challenged orders. Among other things, those materials show that the Barton charter has been reinstated by the Secretary of State, and that Barton and the creditor who purported to claim through Barton below, are wholly in accord with each other in this matter.

It is clear from the record that the motion judge did not address Barton's contention that DOT acquired its easement in 1988 upon deposit of the $4,700, and that when the Township foreclosed for non-payment of the subsequent year's taxes, the property foreclosed was already subject to the easement for which compensation had been paid.

■ The effect of several other key factors also does not appear to have been considered. For one thing, *N.J.S.A.* 20:3–42, cited to us by the Township, expressly preserves municipal tax liens only in *municipal* condemnation cases and provides that they may be collected "out of any monies paid by [the municipality] into court." *City of Orange v. Wall Day Realty Co., supra,* 150 *N.J.Super.* at 3, n. 1, 374 *A.*2d 496. Additionally, it is well settled both by common law and by statute that real estate taxes are liens on land and are not the personal obligation of the owner of the land. *See Garden State Racing Ass'n v. Township of Cherry Hill,* 1 *N.J.Tax,* 569, 574 (Tax Ct.1980), and cases there cited. As the Tax Court noted in *Cherry Hill, supra,* 1 *N.J. Tax* at 574–75, the *Raemsch* opinion denied a municipality the right to satisfy tax liens from funds of an excess deposit made after the original taking by the Highway Authority.

It is impossible to tell whether these issues and legal authorities were weighed by the motion judge because of the absence of *R.* 1:7–4 findings of fact and conclusions of law.

■ We are loathe to address, for the first time on appeal, the effect of the last-mentioned considerations upon the peculiar facts of this case, particularly in light of what appear to be supplements to the factual record that was before the motion judge. Moreover, as the principal legal issue involves determining the effect of a municipal tax foreclosure upon a prior condemnation deposit, we believe that the appropriate initial forum for this issue is the New Jersey Tax Court. As we noted above, the Tax Court has previously addressed similar issues. *See Garden State Racing Ass'n, supra,* at 573–75 (citing with approval the *Raemsch* opinion that denied a municipality the right to satisfy tax liens from a deposit made for benefit of the property owner.) *See also City of Newark v. Central and Lafayette Realty Co., Inc.,* 150 *N.J.Super.* 18, 374 *A.*2d 504 (App.Div.) *certif. denied,* 75 *N.J.* 528, 384 *A.*2d 508 (1977) which rejected the concept of an equitable conversion of fire insurance proceeds into lienable real property.

Finally, if it is determined that the Township's acquisition of title to Barton's property was at a time when that property was already subject to the easement for which compensation had been deposited, and that the Township is not, therefore, legally entitled to those funds, a further question remains for resolution at the trial level. In light of the restoration of Barton's charter, is it entitled to the proceeds?

Given the paucity of findings below, and the possible relevancy of supplemental factual materials, we think it best to reverse and remand this matter for further consideration in a trial court of both the facts and the applicable law. Our remand, how-ever, is to the Tax Court in order that it may bring to bear its expertise upon the central issue of the effect of a tax foreclosure for 1989 taxes upon the fund held for the property owner as compensation for a 1988 easement taking, if that is in fact found to have occurred.

█ The Township has cross-appealed, contending that it was improper for the motion judge to deny its request for attorneys' fees under the frivolous claim statute, *N.J.S.A.* 2A:15–59.1. (The claim is under the statute and not under *R.* 1:4–8.). We have no hesitation in rejecting the cross-appeal. Our review of this record in light of the authority discussed above satisfies us that there was and is, at the very least, a substantial reasonable basis in law or equity to justify the request of Barton for recovery of the deposited funds.

Save for the denial of the Township's request for counsel fees, the orders under review are reversed and remanded to the Tax Court.